## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **Rio Perla Properties, L.P. and Pearl BH Hospitality, LLC,** | **Case No. 21-cv-899** |
| **Plaintiffs,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | (1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| **Cumby Group, LLC,** | (2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendant.** | (3) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (4) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (6) **COMMON LAW TRADEMARK INFRINGEMENT;** |
| | (7) **COMMON LAW UNFAIR COMPETITION; AND** |
| | (8) **UNJUST ENRICHMENT** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, Rio Perla Properties, L.P. and Pearl BH Hospitality, LLC (collectively "Rio Perla"), for its complaint against Cumby Group, LLC ("Cumby Group"), alleges as follows:

### The Parties

1.     Rio Perla Properties, L.P. is a limited partnership organized and existing under the laws of the State of Texas with a principal place of business at 303 Pearl Parkway, Suite 300, San Antonio, Texas 78215.

2.     Pearl BH Hospitality, LLC is a limited liability company organized and existing under the laws of the State of Texas with a principal place of business at 303 Pearl Parkway, Suite 300, San Antonio, Texas 78215.

3.     Rio Perla operates a multi-use real estate development in San Antonio, Texas, comprising, *inter alia*, hotels and residences, food and drink establishments, and retail and commercial spaces.

4.     On information and belief, Cumby Group, LLC is a Texas limited liability company with a principal place of business at 9229 Waterford Centre Blvd. #C-100, Austin, Texas 78758.

### Jurisdiction and Venue

5.     This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, and unjust enrichment.  This complaint arises under the Texas Business & Commerce Code; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); federal common law; and state common law, including the law of Texas.

6.     This Court has subject matter jurisdiction over this complaint pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7.     This Court has personal jurisdiction over Cumby Group because, *inter alia*, Cumby

Group is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District.  Among other things, (i) Cumby Group is incorporated in Texas and its principal place of business is in this District; (ii) Cumby Group's tortious acts giving rise to this lawsuit and harm to Rio Perla have occurred and are occurring in the State of Texas, including in this District; (iii) Cumby Group has advertised, marketed and promoted, and on information and belief, continues to advertise, market, and promote infringing services to customers and/or potential customers, including in this District, including at least through Cumby Group's websites, including, for example, https://cumbygroup.com/, https://www.facebook.com/cumbygroup/, and https://www.instagram.com/cumby.group/; (iv) on information and belief, Cumby Group acted with knowledge that its unauthorized use of Rio Perla's rights would cause harm to Rio Perla in the State of Texas and in this District; and (v) Cumby Group's customers and/or potential customers reside in the State of Texas, including in this District.

8.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d).

### General Allegations – Rio Perla's Intellectual Property

9.      Since at least as early as November 12, 2015, Rio Perla has engaged continuously in, *inter alia*, the offer, promotion, marketing, advertising, and offer for sale, and/or sale of hotel and residential services under the trademark "EMMA." Rio Perla has used the trademark "EMMA" throughout the United States and the State of Texas in connection with its hotel and residential services, including at least on signage, displays, and other materials at the Emma hotel and residences, through Rio Perla's websites, https://thehotelemma.com and https://atpearl.com/stay/, and on other promotional and marketing materials.

10.     In view of Rio Perla's extensive and continuous use of "EMMA," consumers have

come to associate "EMMA" as a source identifier of Rio Perla, and Rio Perla owns trademark rights in "EMMA." For example, since at least as early as November 12, 2015, Rio Perla has offered hotel and residential services to the public under the trademark "EMMA." As a result of such use, EMMA has become a household name across the United States, including in the State of Texas and this District.

11.     Rio Perla's Emma hotel is well-known in the hotel industry and by the consuming public in the United States, including in the State of Texas and this District. The Emma hotel opened in 2015 as part of a revitalization of downtown San Antonio led by Rio Perla and its related entities. Since 2015, the Emma hotel has served as a historical, authentic, and welcoming 146-room riverfront hotel situated on the northern edge of downtown San Antonio that is dedicated to providing a unique customer experience. Over the years, the Emma hotel, an AAA/CAA Five Diamond Award winner, has received several nationally-recognized brand accolades, including *inter alia*, being featured by *Architectural Digests* as one of its "Best Hotels of 2016," ranked #10 of the 25 best hotels in the United States in TripAdvisor's 2017 Travelers' Choice list, named as the #5 Best Hotel in the United States by TripAdvisor in 2020, and most recently, hailed as the #7 Best City Hotel in the Continental United States by *Travel + Leisure* in 2021.

12.     Rio Perla owns U.S. Trademark Registration No. 5,144,431 for "EMMA" in connection with "providing banquet and social function facilities for special occasions; providing conference, exhibit and meeting facilities; hotel services" in Class 43 ("the '431 Registration"). A copy of this trademark registration is attached as Exhibit 1.

13.     Rio Perla also owns U.S. Trademark Application Serial No. 97/006,996 for "EMMA" in connection with "leasing of apartments; rental of apartments; management of apartments; apartment and real estate management services; real estate services, namely, rental of

4

residential housing; real estate services, namely, leasing, rental, and management of apartments; real estate services, namely, leasing and management of residential apartments located within hotel developments" in Class 36.  A copy of this trademark application is attached as Exhibit 2.

14.     Rio Perla also has common law rights in the EMMA trademark based on Rio Perla's use of marks that include "EMMA" in commerce in connection with Rio Perla's services, including, *inter alia*, hotel and residential services, since at least as early as November 12, 2015. Rio Perla's rights in the EMMA trademarks, including the '431 Registration, and its common law rights, are collectively referred to as "EMMA Trademarks."

15.     Exemplary images of Rio Perla's use of the EMMA Trademarks are shown below in Illustration 1.

**Illustration 1:  Exemplary Images of Rio Perla Uses of the EMMA Trademarks**












16.     As a result of, *inter alia*, Rio Perla's exclusive, continuous, and substantial use of the EMMA Trademarks, Rio Perla's exclusive, continuous, and substantial advertising and promoting of services offered in connection with the EMMA Trademarks, and the publicity and attention that has been paid to the EMMA Trademarks, these trademarks have become famous in the United States, including in the State of Texas and in geographical areas in the State of Texas, including in this District, and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate the EMMA Trademarks as source identifiers of Rio Perla.

### General Allegations – Cumby Group's Unlawful Activities

17.     Cumby Group has purposefully and unlawfully used and continues to purposefully and unlawfully use the EMMA Trademarks and/or colorable imitations thereof in connection with *inter alia*, advertising and promoting its planned 146-unit residential apartment complex it calls "The Emma," and is thereby infringing and diluting the EMMA Trademarks and intentionally trading on Rio Perla's goodwill.  Cumby Group's actions have all been without the authorization of Rio Perla, and in violation of Rio Perla's rights, including the rights protected by Rio Perla's intellectual property, including the EMMA Trademarks.

18.     Cumby Group is violating Rio Perla's rights by using at least "Emma," to *inter alia*, advertise, market, and promote Cumby Group's residential services that are substantially similar to Rio Perla's hotel and residential services.  Examples of Cumby Group's infringing uses of the EMMA Trademarks and/or colorable imitations thereof is shown below in Illustration 2.

| Illustration 2:  Examples of Cumby Group's Violations of Rio Perla's Rights (from www.cumbygroup.com) |
| --- |





Live in the Present. **Be Inspired from the Past.**



Projects → Construction → The Emma

Live in the Present. **Be Inspired from the Past.**

LEASING
Please Inquire

UNIT COUNT
146 Luxury Residences for Lease

DELIVERY
Spring 2022



Live in Style, Right in the Mueller Area

With public transportation, and walkability to shops, restaurants, and entertainment, you'll always have something to do in the bustling Mueller area. The Emma will consist of studio, one, and two bedroom modern apartment homes. This community is designed with a nod to the style of art deco, features a rooftop pool with an inviting community lounge, grilling areas, private fitness center, onsite parking, and unique live/work spaces. Residents of The Emma will enjoy an incredible central location just minutes from downtown Austin.

8

19.     As a result of Cumby Group's activities related to the use of the EMMA Trademarks and/or colorable imitations thereof, there is a likelihood of confusion between Cumby Group and its services, on the one hand, and Rio Perla and its services on the other hand.

20.     Rio Perla used the EMMA Trademarks extensively and continuously before Cumby Group began advertising or promoting services in connection with the EMMA Trademarks and/or colorable imitations thereof.  Moreover, the EMMA Trademarks became famous and acquired secondary meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Cumby Group commenced its unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with advertising its planned 146-unit residential apartment complex it calls "The Emma."

21.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights and Cumby Group's continuing disregard for Rio Perla's rights.  Cumby Group's bad faith and intentional, willful and malicious conduct is evidenced at least by Cumby Group using "Emma" in a black and gold color scheme and capital letters, just like Rio Perla's use of EMMA, and Cumby Group advertising and marketing that its apartment building consists of 146 units, which is the same number of rooms available in the Emma hotel.

22.     As discussed above and as set forth in the counts below, Cumby Group's actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

23.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 22 as though fully set forth herein.

24.     Based on the activities described above, including, for example, Cumby Group using Rio Perla's federally registered trademark, including at least the '431 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, and marketing its infringing services, Cumby Group has infringed Rio Perla's federally registered trademark under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Cumby Group's use of Rio Perla's federally registered trademark, including colorable imitations thereof, is likely to cause confusion, or to cause mistake, or to deceive.  Moreover, the '431 Registration predates Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with the infringing services.

25.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof in connection with the infringing services has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

26.     On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

27.     Rio Perla is entitled to injunctive relief, and Rio Perla is entitled to recover at least Cumby Group's profits, Rio Perla's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count II:
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

28.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Based on the activities described above, including, for example, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof, in connection with the advertising of Cumby Group services violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Cumby Group with Rio Perla and as to the origin, sponsorship, and/or approval of Cumby Group's infringing services, at least by creating the false and misleading impression that the infringing services are offered by, authorized by, or otherwise associated with Rio Perla.

30.     The EMMA Trademarks are entitled to protection under the Lanham Act.  The EMMA Trademarks are inherently distinctive.  Rio Perla has extensively and continuously promoted and used the EMMA Trademarks in the United States.  Through that extensive and continuous use, the EMMA Trademarks have become well-known indicators of the origin and quality of Rio Perla's services.  The EMMA Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, the EMMA Trademarks acquired this secondary meaning before Cumby Group commenced its unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with the infringing services.

11

31.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

32.     On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

33.     Rio Perla is entitled to injunctive relief, and Rio Perla is entitled to recover at least Cumby Group's profits, Rio Perla's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

34.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.     Based on the activities described above, including, for example, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof, Cumby Group is likely to dilute, has diluted, and continues to dilute Rio Perla's famous Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof in connection with the infringing services is likely to cause, and has caused, dilution of Rio Perla's famous Trademarks at least by eroding the public's exclusive

12

identification of Rio Perla's famous EMMA Trademarks with Rio Perla, by lessening the capacity of Rio Perla's famous EMMA Trademarks to identify and distinguish Rio Perla's services, and by impairing the distinctiveness of Rio Perla's famous EMMA Trademarks.

36.    The EMMA Trademarks are famous and are entitled to protection under the Lanham Act.  The EMMA Trademarks are inherently distinctive.  The EMMA Trademarks also have acquired distinctiveness through Rio Perla's extensive and continuous promotion and use of the EMMA Trademarks in the United States.  Through that extensive and continuous use, the EMMA Trademarks have become famous, well-known indicators of the origin and quality of Rio Perla's services throughout the United States, and are widely recognized by the general consuming public as a designation of the source of Rio Perla and Rio Perla's services.  The EMMA Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, the EMMA Trademarks became famous and acquired this secondary meaning before Cumby Group commenced its unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

37.    Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

38.    On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby

Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

39.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Cumby Group's profits, Rio Perla's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Trademark Dilution under Tex. Bus. & Com. Code § 16.103**

40.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Based on the activities described above, including, for example, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof, Cumby Group is likely to dilute, has diluted, and continues to dilute the EMMA Trademarks in violation § 16.103 of the Texas Business & Commerce Code.  Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of Rio Perla's famous EMMA Trademarks at least by eroding the public's exclusive identification of the EMMA Trademarks with Rio Perla, by lessening the capacity of Rio Perla's famous EMMA Trademarks to identify and distinguish Rio Perla's services, and by impairing the distinctness of Rio Perla's famous EMMA Trademarks.

42.     The EMMA Trademarks are famous and are entitled to protection under Texas law. Rio Perla has extensively and continuously promoted and used its EMMA Trademarks in the United States and in the State of Texas.  Through that extensive and continuous use, the EMMA Trademarks have become famous and well-known indicators of the origin and quality of Rio Perla's services in the United States and in the State of Texas generally and in geographic areas in Texas, and the EMMA Trademarks are widely recognized by the public throughout Texas and in

14

geographic areas in Texas as a designation of the source of Rio Perla and Rio Perla's services.  The EMMA Trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, the EMMA Trademarks became famous and acquired this secondary meaning before Cumby Group commenced its unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

43.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

44.     On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

45.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Cumby Group's profits, Rio Perla's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

### Count V:
### Unfair Competition and False Designation of Origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

46.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1

through 45 as though fully set forth herein.

47.     Cumby Group's advertisements, marketing, and promotions of its infringing services, in direct competition with Rio Perla, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Cumby Group has obtained an unfair advantage as compared to Rio Perla through Cumby Group's use of the EMMA Trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Cumby Group's infringing services, at least by creating the false and misleading impression that Cumby Group's infringing services are authorized by or otherwise associated with Rio Perla.

48.     The EMMA Trademarks are entitled to protection under the Lanham Act.  Rio Perla has extensively and continuously promoted and used the EMMA Trademarks in the United States. Through that extensive and continuous use, the EMMA Trademarks have become well-known indicators of the origin and quality of Rio Perla's services.  The EMMA Trademarks are also inherently distinctive.  Moreover, Rio Perla's rights in the EMMA Trademarks predate Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

49.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

50.     On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith

16

is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

51.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Cumby Group's profits, Rio Perla's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Common Law Trademark Infringement**

52.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Cumby Group's activities described above, including, for example, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof constitute common law trademark infringement, at least because Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Cumby Group's infringing services, at least by creating the false and misleading impression that the infringing services are authorized by or otherwise associated with Rio Perla.

54.     The EMMA Trademarks are entitled to protection under the common law. Rio Perla has extensively and continuously promoted and used the EMMA Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, the EMMA Trademarks have become well-known indicators of the origin and quality of Rio Perla's services.  The EMMA Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, the EMMA Trademarks acquired this secondary meaning before Cumby Group commenced its

unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

55.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

56.     On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

57.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Rio Perla's damages, Cumby Group's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Unfair Competition

58.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Cumby Group's advertisements, marketing, and promotions of its infringing services, in direct competition with Rio Perla, constitute common law unfair competition, at least by palming off/passing off of Cumby Group's services, by simulating the EMMA Trademarks and/or colorable imitations thereof in an intentional and calculated manner that is likely to cause

consumer confusion as to the origin and/or sponsorship/affiliation of Rio Perla's services, at least by creating the false and misleading impression that its infringing services are authorized by or otherwise associated with Rio Perla.  Cumby Group has also interfered with Rio Perla's business.

60.    The EMMA Trademarks are entitled to protection under the common law.  Rio Perla has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, the EMMA Trademarks have become well-known indicators of the origin and quality of Rio Perla's services.  The EMMA Trademarks are also inherently distinctive.  Moreover, Rio Perla's rights in the EMMA Trademarks predate Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

61.    Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, Rio Perla's services, and Rio Perla.

62.    On information and belief, Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

63.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Rio Perla's damages, Cumby Group's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

64.     Rio Perla realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Cumby Group's activities described above, including, for example, its advertisements, marketing, promotions, offers to advertise, market, and promote the infringing services, in direct competition with Rio Perla, constitute unjust enrichment, at least because Cumby Group has wrongfully obtained benefits at Rio Perla's expense.  Cumby Group has also, *inter alia*, operated with an undue advantage.

66.     Rio Perla developed the EMMA Trademarks and the services offered in connection with the EMMA Trademarks through extensive time, labor, effort, skill, and money.  Cumby Group has wrongfully used and is wrongfully using the EMMA Trademarks and/or colorable imitations thereof, in competition with Rio Perla, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Cumby Group has not been burdened with the expenses incurred by Rio Perla, yet Cumby Group is obtaining the resulting benefits for its own business and services.

67.     The EMMA Trademarks are entitled to protection under the common law.  Rio Perla has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, the EMMA Trademarks have become well-known indicators of the origin and quality of Rio Perla's services.  The EMMA Trademarks are also inherently distinctive.  Moreover, Rio Perla's rights in the EMMA

Trademarks predate Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in connection with its infringing services.

68.     Cumby Group's use of the EMMA Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Rio Perla for which Rio Perla has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the EMMA Trademarks, with Rio Perla's services, and with Rio Perla.  Rio Perla accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Cumby Group has wrongfully obtained and is wrongfully obtaining a benefit at Rio Perla's expense by taking undue advantage and free-riding on Rio Perla's efforts and investments, and enjoying the benefits of Rio Perla's hard-earned goodwill and reputation.

69.     On information and belief, Cumby Group's unjust enrichment at Rio Perla's expense has been intentional, willful, and malicious.  Cumby Group's bad faith is evidenced at least by Cumby Group's unlawful use of the EMMA Trademarks and/or colorable imitations thereof in an effort to advertise, market, and promote its infringing services, Cumby Group's knowledge of Rio Perla's rights, and Cumby Group's continuing disregard for Rio Perla's rights.

70.     Rio Perla is entitled to injunctive relief, and Rio Perla is also entitled to recover at least Cumby Group's profits.

<u>**Demand for Jury Trial**</u>

Rio Perla hereby demands a jury trial on all issues so triable.

<u>**Relief Sought**</u>

WHEREFORE, Plaintiffs respectfully pray for:

1.      Judgment that Cumby Group has (i) infringed Rio Perla's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed Rio Perla's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted Rio Perla's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted Rio Perla's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) violated Rio Perla's common law rights in the EMMA Trademarks; (vii) engaged in common law unfair competition; (viii) been unjustly enriched at Rio Perla's expense; and that all of these wrongful activities by Cumby Group were willful;

2.      An injunction against further infringement and dilution of the EMMA Trademarks, and further acts of unfair competition, and unjust enrichment by Cumby Group, and each of its agents, employees, servants, attorneys, successors and assigns, licensees, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, advertising, marketing, or promoting services in violation of the EMMA Trademarks, or any colorable imitation of the EMMA Trademarks, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing the removal of all references to "EMMA", the EMMA Trademarks, and any trademarks that are confusingly similar to the EMMA Trademarks from all advertisements, including on the Internet, in the possession, custody, or control, of Cumby Group, pursuant to at least 15 U.S.C. § 1118;

4.      An Order directing Cumby Group to publish a public notice providing proper attribution of the EMMA trademarks to Rio Perla, and to provide a copy of this notice to all

customers, partners, affiliates and/or others to whom Cumby Group's infringing services were offered;

5.      An award of Cumby Group's profits, Rio Perla's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

6.      Such other and further relief as this Court deems just and proper.


Dated:  September 20, 2021                    Respectfully Submitted,

                                              By: /s/ Joseph J. Berghammer
                                              Joseph J. Berghammer (admitted in the Western District of Texas)
                                              Illinois Bar No. 6273690
                                              jberghammer@bannerwitcoff.com
                                              Katherine Laatsch Fink (admitted in the Western District of Texas)
                                              Illinois Bar No. 6292806
                                              kfink@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              71 South Wacker Drive
                                              Suite 3600
                                              Chicago, IL 60606
                                              Telephone: (312) 463-5000
                                              Facsimile: (312) 463-5001

                                              Evi T. Christou (*pro hac vice* forthcoming)
                                              District of Columbia Bar No. 1600066
                                              echristou@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              1100 13th Street, NW
                                              Suite 1200
                                              Washington, DC 20005
                                              Telephone: (202) 824-3200
                                              Fax: (202) 463-3201

                                              **ATTORNEYS FOR RIO PERLA PROPERTIES, L.P. AND PEARL BH HOSPITALITY, LLC**